IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JACK WHITNEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **U.S. DEPARTMENT OF DEFENSE,** | ) |
| 1155 Defense Pentagon | ) |
| Washington, DC 20301 | ) |
| | ) |
| **U.S. DEPARTMENT OF THE NAVY,** | ) |
| 1000 Navy Pentagon | ) |
| Washington, DC 20350 | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

1. Plaintiff JACK WHITNEY brings this suit to force Defendant U.S. DEPARTMENT OF DEFENSE and U.S. DEPARTMENT OF THE NAVY to conduct a reasonable search, issue a determination, and produce investigative records regarding the on-duty death of Officer Michael Ernst, which took place at a Parachute Training and Testing Facility in Arizona in 2023.

### PARTIES

2. Plaintiff JACK WHITNEY made the FOIA request at issue in this case.

3. Defendant U.S. DEPARTMENT OF DEFENSE is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

4. Defendant U.S. DEPARTMENT OF THE NAVY is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.  DOD is the parent agency of NAVY.

## JURISDICTION AND VENUE

5. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## MARCH 30, 2023 FOIA REQUEST TO NAVY

7. On March 30, 2023, Plaintiff submitted the following FOIA request to NAVY:

> I am requesting the JAG MAN Administrative Investigation and the Naval Criminal Investigative Service Investigative Report completed for the on-duty death of CSWO Michael Ernst.
>
> CSWO Ernst was killed after striking a building while conducting HALO parachute operations at the SOCOM Parachute Training and Testing Facility adjacent to Pinal Airpark outside of Marana, AZ.
>
> The incident occurred on February 19, 2023.

8. A true and correct copy of the original FOIA request is attached as Exhibit 1.

9. On December 29, 2023, Plaintiff followed up with NAVY to inquire about the status of the FOIA request.

10. A true and correct copy of the correspondence is included in Exhibit 2.

11. On December 29, 2023, NAVY stated that the request was "currently in the search phase" and was "actively being worked." *Id*.

12. On August 13, 2024, Plaintiff followed up with NAVY to inquire about the status of the FOIA request. *Id*.

13. On August 27, 2024, Plaintiff followed up with NAVY to inquire about the status of the FOIA request. *Id*.

14. On September 6, 2024, Plaintiff followed up with NAVY to inquire about the status of the FOIA request. *Id*.

15. On October 4, 2024, NAVY stated that it was "still working through this request." *Id*.

16. On April 8, 2025, Plaintiff followed up with NAVY seeking an estimated date of completion and inquiring about what steps had been taken to process the request, whether the search for records was completed, and if an analyst had been assigned to review the records.

17. A true and correct copy of the correspondence is attached as Exhibit 3.

18. NAVY did not send any further correspondence to Plaintiffs regarding this request.

19. As of the date of this filing, NAVY has not issued a determination on Plaintiff's request.

20. As of the date of this filing, NAVY has failed to make any responsive records promptly available to Plaintiff.

## COUNT I – NAVY'S FOIA VIOLATION

21. The above paragraphs are incorporated by reference.

22. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

23. Defendant NAVY is a federal agency subject to FOIA.

24. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

25. Defendant NAVY has failed to conduct a reasonable search for records responsive to the request.

26. Defendant NAVY has failed to issue a determination within the statutory deadline.

27. Defendant NAVY has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

  i.  declare that Defendants have violated FOIA;

  ii.  order Defendants to conduct a reasonable search for records and to produce the requested records promptly;

  iii.  enjoin Defendants from withholding non-exempt public records under FOIA;

  iv.  award Plaintiff attorneys' fees and costs; and

  v.  award such other relief the Court considers appropriate.

Dated: May 20, 2025

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff
JACK WHITNEY

Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com